```
                              FILED
                      CLERK, U.S. DISTRICT COURT

                          DEC 1 8 2008

                      CENTRAL DISTRICT OF CALIFORNIA
                      BY                     DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| FERNANDO REY GOMEZ,<br><br>    Petitioner,<br><br>v.<br><br>DARRELL G. ADAMS, WARDEN,<br><br>    Respondent. | Case No. EDCV 08-01854 AHS (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Fernando Rey Gomez ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises two claims directed at Petitioner's 2006 conviction and sentence of 19 years and 4 months in state prison that he sustained following a guilty plea in the California Superior Court for the County of San Bernardino. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition, attached exhibits, and relevant state

court records[1] show Petitioner sustained his underlying conviction and related sentence for voluntary and attempted manslaughter with the personal use of a firearm on December 1, 2006. (Pet. 2, Exs. B, C; Case No. FSB14849.) Petitioner did not seek a direct appeal in either the California Court of Appeal or the California Supreme Court. Therefore, for purposes of AEDPA's limitation period, his judgment became final on January 30, 2007, which is the sixtieth day after the time for Petitioner to file a Notice of Appeal with the California Supreme Court expired. Cal. R. Ct. 8.308(a) ("a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (where the petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final sixty days after she was sentenced). The limitation period then started to run the next day, January 31, 2007, and ended a year later on January 30, 2008. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not constructively file the pending Petition until December 8, 2008[2] -- 313 days (nearly one year) after the statute

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on December 16, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on December 8, 2008, the (continued...)

expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

## C. Statutory Tolling

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

On October 3, 2007 -- 245 days after the one-year limitation period started to run on January 31, 2007 -- Petitioner file his first state habeas petition with the superior court and, on October 11, 2007, the petition was denied, leaving 120 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 245-day period, because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to "one full round" of statutory tolling from October 3, 2007, to July 9, 2008, the period during which his three state habeas petitions were pending and later denied in the trial court and the intermediate appellate courts.[3] 28

---

[2] (...continued)
date he signed it. (Pet. 8.)

[3] *See In re Fernando Gomez on Habeas Corpus*, No. WHCSS0700347, Cal. (continued...)

1  U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148; *Saffold*, 536 U.S. at 220-22 (holding
2  that in the absence of undue delay, a petitioner in California is normally entitled to
3  "one full round" of collateral review in state court "free of federal interference"); *see*
4  *also Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003); *Delhomme v. Ramirez*, 340
5  F.3d 817, 819 (9th Cir. 2003). (Pet. 4; Official records of California courts.) Given
6  280 days of statutory tolling, the statutory limitation period was extended from
7  January 30, 2008, to November 5, 2008.

Petitioner then waited until December 8, 2008-- another 33 days after the extended limitation deadline to constructively file his pending Petition. Under AEDPA, Petitioner is not entitled to statutory tolling during this 33 day delay because no case was "pending." 28 U.S.C. § 2244(d)(2); *Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1005-07.

Accordingly, the face of the Petition, attached exhibits, and relevant state court records establish that this Petition, constructively filed on December 8, 2008, is untimely by 33 days (the amount of untolled time between the new limitation deadline (11/05/08) and the Petition's constructive filing date (12/08/08)).

**D.  Alternative Start of the Statute of Limitations**

   **1.  State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

---

3/  (...continued)
Super. Ct. for County of San Bernardino (filed Oct. 3, 2007, denied Oct. 11, 2007); *In re Fernando Gomez on Habeas Corpus*, No. E044683, Cal. App. Ct., 4th Dist./Div. 2 (filed Dec. 17, 2008, denied Jan. 9, 2008); *Gomez (Fernando Rey) on H.C.*, No. S160410, Cal. Supreme Ct. (filed Jan. 28, 2008, denied July 9, 2008). (Pet. 4; Official records of California courts.)

Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

The sentencing error claim in the Petition is premised on the United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 868 (2007). (Pet. 5, Ex. C.) Petitioner appears to argue that in light of *Cunningham*, which invalidated California's Determinate Sentencing Law ("DSL"), the trial court's imposition of the upper term sentence based upon aggravating factors that were neither found by the jury nor admitted by Petitioner violated his Sixth Amendment rights to a jury trial and to be found guilty by proof beyond a reasonable doubt as construed by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). (*Id.*)

Petitioner's reliance on *Cunningham* is misplaced. Recently, the Ninth Circuit found that *Cunningham* "did not announce a new rule of constitutional law." *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008); *see also Wright v. Dexter*, 546 F.3d 1096, 1097 (9th Cir. 2008). More specifically, *Cunningham* "simply applied the rule of *Blakely*" to California's DSL and its result was dictated by *Apprendi* and *Blakely*. *Butler*, 528 F.3d at 634-39. Consequently, Petitioner is not entitled to relief under this provision.

///

///

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

As a prefatory matter, the Court observes there is no clearly established federal law that expressly holds equitable tolling is available under § 2244(d)(1), and the Supreme Court has recently acknowledged this point. *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling. [ ] Because the parties agree that equitable tolling is available, we assume without deciding that it is").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A petitioner bears the burden of alleging facts that would give rise to tolling. *Id.*; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has emphasized that determinations of "whether there are grounds for equitable tolling are highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). "[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The face of the Petition and exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

**O R D E R**

Based upon the foregoing, the Court finds the Petition and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **January 8, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: December 18, 2008

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE